IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES WATSON,** | : | |
| Petitioner | : | |
| | : | No. 24-cv-00775 |
| v. | : | |
| | : | (Judge Kane) |
| **TOM MCGINLEY,[1] et al.,** | : | |
| Respondents | : | |

**ORDER**

**AND NOW**, on this 23rd day of September 2024, upon consideration of pro se Petitioner James Watson ("Watson")'s petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1), two (2) applications for leave to proceed in forma pauperis (Doc. Nos. 2, 7), certified prisoner trust fund account statement (Doc. No. 3), four (4) motions to dismiss (Doc. Nos. 8, 9, 16, 18), "Motion to Charge" (Doc. No. 12), and two (2) "Petition[s] to Dismiss Information Pursuant of [sic] Best Evidence Rule" (Doc. Nos. 23, 25), and in accordance with the accompanying Memorandum, **IT IS ORDERED THAT**:

1. The first application for leave to proceed in forma pauperis (Doc. No. 2) is **GRANTED**, and Watson has leave to proceed in forma pauperis in this matter;

2. The second application for leave to proceed in forma pauperis (Doc. No. 7) is **DENIED AS MOOT**;

3. The petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) is **DEEMED FILED**;

---

[1] The Court is substituting Tom McGinley, the Superintendent of Pennsylvania State Correctional Institution Coal Township, the place where Petitioner is currently incarcerated, see (Doc. No. 1 at 1), as a Respondent in this case. See R. 2(a), 28 U.S.C. foll. § 2254 (requiring habeas petitioner's current custodian to be named as respondent); Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds [them] in what is alleged to be unlawful custody.").

4. The Clerk of Court shall **SUBSTITUTE** Tom McGinley, Superintendent of SCI Coal Township as a Respondent for Respondent Warden of SCI Coal Township on the docket;

5. The Clerk of Court shall **REMOVE** the "State of Pennsylvania" as a Respondent on the docket;

6. The Clerk of Court shall **SERVE** a copy of this Order and the accompanying Memorandum on Respondents, see R. 4, 28 U.S.C. foll. § 2254;

7. The Clerk of Court shall **MAIL** a copy of this Order and the accompanying Memorandum to the District Attorney of Wyoming County;

8. Claims two (2) through four (4) in the petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) are **DISMISSED WITH PREJUDICE**;

9. Claim one (1) in the petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which Watson asserts a claim for ineffective assistance of his trial counsel, is **DISMISSED WITHOUT PREJUDICE** to Watson raising the claim in the Pennsylvania state courts;

10. Watson's requests for monetary relief in the petition for a writ of habeas corpus under 28 U.S.C. § 2254 are **DISMISSED WITHOUT PREJUDICE**;

11. A certificate of appealability **SHALL NOT ISSUE**;

12. The Clerk of Court is directed to **SEND** copies of this Order and the accompanying Memorandum to Watson, see id.;

13. The four motions to dismiss (Doc. Nos. 8, 9, 16, 18) are **DEEMED WITHDRAWN**;

14. The "Motion to Charge" (Doc. No. 12) is **DEEMED WITHDRAWN**;

15. The "Petition[s] to Dismiss Information Pursuant of [sic] Best Evidence Rule" (Doc. Nos. 23, 25) are **DENIED**; and

16. The Clerk of Court is directed to **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania